**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CORE PETROLEUM, LLC, | |
| Plaintiff, | |
| v. | Case No. _____ |
| CORE ENERGY TRADING, LLC, | |
| Defendant. | |

**COMPLAINT**

Plaintiff Core Petroleum, LLC ("Core Petroleum" or "Plaintiff") alleges the following in support of its Complaint against Defendant Core Energy Trading, LLC ("Core Energy" or "Defendant").

**NATURE OF THE CASE**

1.      This is an action for trademark infringement and unfair competition under the Lanham Act, Illinois statutory law, and Illinois common law.  Core Petroleum brings this action to protect the goodwill and consumer recognition it has developed in its brand, and to prevent confusion amongst its customers and potential customers.

2.      Core Petroleum and its affiliates and subsidiaries have continuously used and promoted its "CORE" trademark in connection with Core Petroleum's goods and services, including, without limitation, the trading, transportation, purchasing, brokering, marketing, and hedging of crude oils and petroleum products.  Without Core Petroleum's authorization or consent, but with clear knowledge of Core Petroleum's prior rights, Defendant has used and

1

continues to use confusingly similar trademarks to market and promote Defendant's own identical or nearly identical and related goods and services.

## PARTIES

3.      Plaintiff Core Petroleum, LLC is a limited liability company organized under the laws of Virginia, with its principal place of business at 15 Exchange Place, Suite 1110 in Jersey City, New Jersey.

4.      Upon information and belief, Defendant Core Energy Trading, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business at 2500 Brickvale Drive in Elk Grove Village, Illinois.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121.  This Court has supplemental jurisdiction over Core Petroleum's state law claims under 28 U.S.C. § 1367.

6.      Defendant is subject to personal jurisdiction in the state of Illinois.  Upon information and belief, Defendant's principal place of business is located at 2500 Brickvale Drive in Elk Grove Village, Illinois, which also is the only address for Defendant listed on Defendant's website.  Upon information and belief, Defendant conducts substantial business out of this address in Elk Grove Village, Illinois.

7.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1), (2).  Defendant resides in the Northern District of Illinois (the "District"), and a substantial part of the events giving rise to Core Petroleum's claims occurred in the District.

## FACTS

**Core Petroleum and Core Petroleum's CORE Mark**

8.      Core Petroleum is a limited liability company dealing in, without limitation, crude oils and petroleum product trading and logistics, including the trading, transportation, purchasing, brokering, marketing, and hedging of crude oils and petroleum products.  Core Petroleum is especially active in the United States West Coast and Gulf Coast markets.  For instance, since 2010, Core Petroleum has brokered or marketed approximately 500 million barrels of crude oil in those markets, and another approximately 180 million barrels around the rest of the world.

9.      Core Petroleum's primary brand by which it is recognized by its consumers is its "CORE" trademark (the "CORE Mark").

10.      The CORE Mark has been used by Core Petroleum continuously since at least 2010 to advertise and promote Core Petroleum's goods and services nationally in the crude oils and petroleum fields.

11.      To protect its rights in the CORE Mark, Core Petroleum has applied for a federal registration on the Principal Register of the United States Patent and Trademark Office.  The serial number of that application is 87/535,702 (the "'702 Application").  A true and correct copy of the '702 Application is attached as **Exhibit 1.**  The '702 Application covers:

a.  International Class 35 in connection with "[t]ransportation of crude oils and petroleum products by ship or pipeline, and management of logistics for transportation of crude oils and petroleum products";

b.  International Class 36 in connection with "[p]urchasing, trading and marketing crude oils and petroleum products"; and

    c.   International Class 42 in connection with "[r]isk management and hedging for crude oils and petroleum products."

12.    The "first use in commerce" identified in the '702 Application for each of the services listed therein is January 1, 2010. Core Petroleum has been using the CORE Mark to advertise and promote each of the services listed in the '702 Application since at least January 1, 2010.

13.    Core Petroleum's rights in the CORE Mark are valid, subsisting, and enforceable.

14.    Core Petroleum's first use in commerce of the CORE Mark was many years before Core Energy's first use of the CORE Mark. Therefore, Core Petroleum has priority for the use of the CORE Mark in connection with oil and petroleum goods and services, and such priority dates back to at least as early as the beginning of 2010.

15.    Core Petroleum uses the CORE Mark in many aspects of its branding as an indicator of source.

16.    Through its continuous and widespread use of the CORE Mark as part of its branding dating back to at least as early as 2010, Core Petroleum has also acquired common law rights in Illinois and nationwide.

17.    Core Petroleum invests considerable time, effort, and money in promoting its crude oils and petroleum products and services under the CORE Mark. As a result of its continuous use, extensive sales, and record of top-quality service, Core Petroleum has developed a strong reputation for excellence for its crude oils and petroleum products and services, which is reflected in the CORE Mark.

18.    The CORE Mark is not generic or descriptive of Core Petroleum's crude oils and petroleum products and services. The CORE Mark is inherently distinctive, and further has

4

acquired secondary meaning as an indicator of Core Petroleum's goods and services and the quality therein, and is commercially strong by virtue of Core Petroleum's continuous use of the CORE Mark for many years, its record of top-quality performance, and its extensive sales of goods and services under the CORE Mark.

19.     As a result of Core Petroleum's promotion and protection of its goods and services and reputation, the CORE Mark is an important and valuable asset that belongs exclusively to Core Petroleum.  When customers see the CORE Mark, they understand that they will be receiving top-quality and timely performance related to crude oils and petroleum products and services.

20.     The CORE Mark is recognized and associated by consumers exclusively with Core Petroleum's high quality goods and services in the crude oils and petroleum products markets.

21.     Core Petroleum continues to expand the goods and services it promotes under the CORE Mark.

**Defendant's Unlawful Acts**

22.     Upon information and belief, Defendant offers a range of oil, gas and petroleum goods and services in the same markets, including the same customer base and geographic area, as Core Petroleum.

23.     According to Defendant's website, Defendant is "active in the Oil and Gas industry concentrating in light products for the West Coast, Mid West, and Gulf Coast markets."

24.     Such goods and services are highly related to the goods and services offered by Core Petroleum under the CORE Mark.  Furthermore, to the extent Defendant further is engaged in the trading, brokering or provision of other services related to gasoline and/or diesel, such

products are simply finished oil and petroleum products sold to the same customers in Core Petroleum's market, and such services are either identical services or related services well within the natural zone of expansion of the services offered by Core Petroleum under the CORE Mark.

25.     Core Petroleum and Defendant use similar and/or identical methods of marketing and of selling products and services to their customers.

26.     In or about January 2017, Defendant registered the domain https://www.coreenergytrading.com (the "Core Energy Website").  On the Core Energy Website and in other promotional materials, Defendant is promoting its oil, gas and petroleum products and services using word marks and logos that are confusingly similar to the CORE Mark.  For example, on the Core Energy Website, in addition to using "CORE" as the dominant part of its name, which is used by itself, without a design or logo, Core Energy also prominently features the following logo:



A true and correct capture of the Core Energy Website is attached as **Exhibit 2**.

27.     Core Petroleum has no affiliation or contractual relationship with Defendant.

28.     Even though Defendant has apparently only very recently launched its goods and services, there has already been actual confusion between Core Petroleum and Defendant in the marketplace.

29.     For example, and without limitation, upon seeing a July 17, 2017 news article on Opisnet.com, a publication often read by Core Petroleum's customers, announcing Defendant's launch of goods and services using the CORE Mark as part of Core Energy Trading, a key

customer of Core Petroleum contacted a representative for Core Petroleum and advised that he was confused into believing that Core Petroleum and Defendant, and the products and services offered by the two companies, were directly affiliated.

30.     Core Petroleum's customer was further surprised that Core Petroleum would launch an affiliated company without telling one of Core Petroleum's best customers and requested an explanation.

31.     That one of Core Petroleum's best customers would be confused by Defendant's use of Core Petroleum's CORE Mark as the prominent feature of Defendant's trademark and trade name is telling that the market at large is likely to be confused into thinking there is an affiliation between Core Petroleum and the CORE Mark, on the one hand, and Defendant on the other hand.

32.     In addition, even if or when members of the market could eventually figure out that Core Petroleum and Core Energy are not affiliated, the initial confusion generated by Defendant's use of the CORE Mark allows Defendant to unlawfully prey on the goodwill of the CORE Mark.

33.     There is danger to the goodwill of the CORE Mark through Defendant's actions.

34.     Upon information and belief, Defendant knew of the existence of Core Petroleum and the CORE Mark before it decided to use "CORE" as Defendant's mark and trade name, and as part of its logo.

35.     Core Petroleum lacked knowledge and awareness of Defendant and its use of the CORE Mark until after the July 17, 2017 article announcing Defendant's launch, and the contact from one of Core Petroleum's customers that same day.

36.     On July 21, 2017, Core Petroleum sent Defendant a cease and desist letter, asserting that Defendant's use of the CORE Mark was likely to cause consumer confusion and create the misimpression that Defendant and/or the goods and services it offers under an infringement of the CORE Mark is authorized by, sponsored by, and/or affiliated with Core Petroleum. Core Petroleum demanded that Defendant cease using the CORE Mark and any other marks confusingly similar to the CORE Mark.

37.     Defendant responded to Core Petroleum's letter on August 4, 2017 via telephone, and refused to cease using the CORE Mark and any other marks confusingly similar to the CORE Mark.

38.     Upon information and belief, Core Energy has done nothing to reduce its use of the CORE Mark or postpone its launch of goods and services using the CORE Mark.

39.     Defendant's pervasive use of Core Petroleum's CORE Mark in its own trademark and trade name and logo is evidence that Defendant has purposefully adopted the CORE Mark as a source identifier, with knowledge that it is confusingly similar to Core Petroleum's CORE Mark, and with intent to trade on the goodwill of Core Petroleum.

40.     Defendant's use of the CORE Mark, including, without limitation, within the "Core Energy Trading" word mark and logo, for oil, gas and petroleum products and services, is confusingly similar to the CORE Mark and Core Petroleum's use of the CORE Mark.

41.     Like the CORE Mark, Core Energy's infringing uses are used as an identifier to market and promote oil, gas, and petroleum products and services, and Core Petroleum's and Core Energy's marks will be encountered by the same group of consumers and counterparties, as has already been shown through at least one instance of actual confusion that occurred when Defendant announced its launch, before Defendant even started selling its goods and services.

8

42.     The appearance and overall commercial impression of Defendant's Core Energy Trading trade name, trademark and logo and Defendant's infringing uses thereof are confusingly similar to the CORE Mark and Core Petroleum's use of the CORE Mark.

43.     The goods and services being offered by Defendant under Defendant's Core Energy Trading trade name, trademark and logo are commercially related goods and services in the same channels of trade as the products and services sold by Core Petroleum under the CORE Mark.

44.     Defendant's use of the infringing marks is without the consent of Core Petroleum.

45.     By prominently featuring Core Petroleum's CORE Mark when promoting and offering for sale its own highly related goods and services, Defendant trades on the goodwill established by Core Petroleum in the CORE Mark by suggesting that Defendant's goods and services are associated with, sponsored by, or affiliated with Core Petroleum, and that such goods and services carry the same reputational quality as Core Petroleum's goods and services.

46.     Core Petroleum has no control over Defendant's use of its marks or the quality or performance of the goods and services advertised, promoted, and offered by Defendant in connection with Defendant's use of the infringing marks.

47.     If Core Energy fails to perform in the delivery of its services or has financial problems or becomes embroiled in any bad publicity, that will reflect poorly on Core Petroleum in the marketplace and do further irreparable damage to the CORE Mark and Core Petroleum as a company.

48.     Defendant's conduct has caused and will continue to cause irreparable injury because it damages the Core Petroleum brand and creates a likelihood of confusion in the marketplace.

49.     Defendant's acts were deliberately and intentionally carried out in bad faith, or with a reckless disregard for, or with willful blindness to, Core Petroleum's rights in the CORE Mark, for the purpose of trading on Core Petroleum's reputation.

50.     Pursuant to 15 U.S.C. § 1117, Core Petroleum is entitled to recover Defendant's profits, damages sustained by Core Petroleum, the costs of this action as well as treble damages. The intentional nature of Defendant's unlawful conduct further renders this an "exceptional case," entitling Core Petroleum to an award of attorneys' fees under 15 U.S.C. § 1117(a).  Core Petroleum is also entitled to various remedies under Illinois law.

**COUNT I**
**Federal False Designation of Origin and Unfair Competition**
**15 U.S.C. § 1125(a)**

51.     Paragraphs 1 through 50 are incorporated and made a part of this Count.

52.     Consumers exclusively associate the CORE Mark with Core Petroleum because of Core Petroleum's continuous use and extensive promotion of the mark nationwide since at least 2010.

53.     Defendant is using colorable imitations of the CORE Mark in interstate commerce and in connection with the sale, offering for sale, distribution, and/or advertising of oil, gas, and petroleum products and services that do not originate with, and are not sponsored by or affiliated with, Core Petroleum.

54.     Defendant's actions constitute false designations of origin, which are likely to cause confusion, mistake, or deception as to the source of origin of the competing goods and services offered by Defendant in connection with the infringing marks, in that consumers and potential consumers are likely to believe the goods and services offered by Defendant in connection with a colorable imitation of the CORE Mark are provided by, sponsored by,

approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Core Petroleum.

55. Defendant's actions alleged herein were and continue to be intentional, willful, and in bad faith.

56. As a direct and proximate result of the likely confusion, mistake, or deception, Core Petroleum has suffered and will continue to and will suffer increased irreparable harm and damages if Defendant's conduct is not enjoined.

57. The likely confusion, mistake, or deception caused by Defendant is willful and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT II
### Common Law Trademark Infringement

58. Paragraphs 1 through 57 are incorporated and made part of this Count.

59. As the result of Core Petroleum's continuous use and extensive promotion of the CORE Mark nationwide since at least 2010, Core Petroleum has acquired common law trademark rights under the laws of the various states, including the state of Illinois.

60. Defendant is using colorable imitations of the CORE Mark in interstate commerce and in connection with the sale, offering for sale, distribution, and/or advertising of oil, gas, and petroleum products and services that do not originate with, and are not sponsored by or affiliated with Core Petroleum.

61. Defendant's actions are likely to cause confusion, mistake, or deception as to the source of origin of the competing goods and services offered by Defendant in connection with the infringing marks, in that consumers and potential consumers are likely to believe the goods and services offered by Defendant in connection with a colorable imitation of the CORE Mark

are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Core Petroleum.

62.     Defendant's actions alleged herein were and continue to be intentional, willful, and in bad faith.

63.     As a direct and proximate result of the likely confusion, mistake, or deception, Core Petroleum has suffered and will continue to and will suffer increased suffer irreparable harm and damages if Defendant's conduct is not enjoined.

64.     The likely confusion, mistake, or deception caused by Defendant is willful and violates Core Petroleum's common law trademark rights.

### COUNT III
### Unfair Competition
### Illinois Common Law

65.     Paragraphs 1 through 64 are incorporated and made a part of this Count.

66.     As the result of Core Petroleum's continuous use and extensive promotion of the CORE Mark nationwide since at least 2010, Core Petroleum has acquired common law trademark rights throughout the United States, including in the state of Illinois.

67.     Defendant's deceptive and fraudulent misrepresentations about its affiliation with Core Petroleum constitutes unfair competition in violation of Illinois common law.

68.     Defendant's conduct presents a likelihood of consumer confusion with respect to the goods and services provided by Defendant and those competing goods and services provided by Core Petroleum in connection with the CORE Mark.

69.     Defendant's use of the infringing marks, as alleged herein, has caused and will continue to cause confusion and mistake among consumers with respect to the origin of Defendant's goods and services.

12

70.     Defendant's actions alleged herein were and continue to be intentional, willful, and in bad faith.

71.     As a direct and proximate result of Defendant's unfair competition, Core Petroleum has suffered and will continue to and will suffer increased suffer irreparable harm and damages if Defendant's conduct is not enjoined.

72.     An award of money damages cannot fully compensate Core Petroleum for its injuries, and Core Petroleum lacks an adequate remedy at law.

<u>COUNT IV</u>
**Illinois Uniform Deceptive Trade Practices Act**
**815 ILCS 510/1, *et seq.***

73.     Paragraphs 1 through 72 are incorporated herein and made part of this Count.

74.     As the result of Core Petroleum's continuous use and extensive promotion of the CORE Mark nationwide since at least 2010, Core Petroleum has acquired common law trademark rights nationwide, including in the state of Illinois.

75.     Defendant is using colorable imitations of the CORE Mark in interstate commerce and in connection with the sale, offering for sale, distribution, and/or advertising of oil, gas, and petroleum goods and services that do not originate with, and are not sponsored by or affiliated with Core Petroleum.

76.     Defendant's actions are likely to cause confusion, mistake, or deception as to the source of origin of the competing goods and services offered by Defendant in connection with the infringing marks, in that consumers and potential consumers are likely to believe the goods and services offered by Defendant in connection with a colorable imitation of the CORE Mark are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Core Petroleum.

77.     The above-described conduct constitutes deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*, including, without limitation, by causing a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products and services, and by causing a likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Defendant and/or its products and services with Core Petroleum and/or its products and services.

78.     Defendant's actions alleged herein were and continue to be intentional, willful, and in bad faith.

79.     As a direct and proximate result of this unlawful conduct, Core Petroleum has suffered and will continue to and will suffer increased suffer irreparable harm if Defendant's conduct is not enjoined.

80.     An award of money damages cannot fully compensate Core Petroleum for its injuries, and Core Petroleum lacks an adequate remedy at law.

81.     As a result of Defendant's willful violation of the Illinois Uniform Deceptive Trade Practices Act, Core Petroleum is entitled to injunctive relief, costs and attorneys' fees.

**COUNT V**
**Illinois Consumer Fraud and Deceptive Business Practices Act**
**815 ILCS 505, *et seq.***

82.     Paragraphs 1 through 81 are incorporated herein and made part of this Count.

83.     As the result of Core Petroleum's continuous use and extensive promotion of the CORE Mark nationwide since at least 2010, Core Petroleum has acquired common law trademark rights nationwide, including in the state of Illinois.

84.     Defendant has engaged in unfair and/or deceptive acts and practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, *et seq.,*

including, without limitation, by causing a likelihood of consumer confusion as to the origin of the competing goods and services offered by Defendant by virtue of Defendant's use of unauthorized and infringing "CORE" marks.

85.     Defendant intended to mislead consumers as to the source of its goods and services and for consumers to suffer confusion.

86.     Defendant's unfair and/or deceptive acts and practices occurred in the normal course of trade or commerce.

87.     Through its unfair and/or deceptive acts and practices, Defendant has damaged and will continue to damage Core Petroleum and its CORE Mark brand.

88.     As a result of Defendant's willful violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Core Petroleum is entitled to damages, injunctive relief, costs and attorneys' fees.

**WHEREFORE**, Core Petroleum prays for judgment against Defendant as follows:

A.     Permanently enjoining and restraining Defendant and its directors, members, officers, agents, servants, employees, subsidiaries, privies, and affiliates, and all persons in active concert or participation with, though, or under any of them, at first during the pendency of this action and thereafter perpetually, from:

1.     using the infringing marks or any other mark or logo that infringes upon Core Petroleum's rights in the CORE Mark;

2.     committing any acts of unfair competition and from implying a false designation of origin or a false description or representation with respect to Core Petroleum's CORE Mark;

3.      committing any acts of deceptive, unlawful, or unfair acts calculated to cause members of the market or purchasing public to believe that Defendant's goods or services are sponsored by or associated with, affiliated with, or related to, or connected with, or in some way endorsed or promoted by Core Petroleum under the supervision or control of Core Petroleum.

B.      Requiring Defendant to file with the Court and serve upon Core Petroleum's counsel a written report under oath that it has complied with the Court's Order pursuant to paragraph A above;

C.      Finding Defendant's unlawful conduct to be willful;

D.      In connection with Defendant's acts of trademark infringement, federal and state unfair competition and false designation of origin, and violations of the Illinois Uniform Deceptive Trade Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act, requiring Defendant to pay over to Core Petroleum all damages sustained by Core Petroleum, Defendant's profits, Core Petroleum's attorneys' fees and costs, punitive damages pursuant to 815 ILCS 505/10a, and ordering that the amount of damages awarded to Core Petroleum be increased three times thereof; and,

E.      Awarding Core Petroleum such other and further relief as this Court deems just and proper.

16

Dated: August 15, 2017

Respectfully submitted,

CORE PETROLEUM, LLC


/s/ *Brad Richard Newberg*
Brad Richard Newberg (Bar # 73654)
MCGUIREWOODS LLP
1750 Tysons Blvd., Ste. #1800
Tysons Corner, Virginia 22102
Phone: (703) 712-5061
Fax: (703) 712-5050
bnewberg@mcguirewoods.com

*Counsel for Plaintiff Core Petroleum, LLC*